IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-10188-01-WEB |
| | ) | |
| KEVIN C. CHAPIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

This matter is scheduled for sentencing on Monday, June 20, 2011, at 10:00 a.m. The defendant has filed a number of objections to the Presentence Report. The Government has responded to the objections.

After reviewing these materials – and the apparent absence of any dispute as to the material facts – the court concludes that it should give notice of its tentative ruling on these matters, as well as a tentative sentence under 18 U.S.C. § 3553, so that the parties can better prepare for the sentencing hearing and avoid unnecessary delay of the sentencing.

**Defendant's Objections**.

*Objections Nos. 1 & 2* - Defendant's first two objections are that the child pornography guidelines are too high, and that the applicable sentencing range is higher than necessary to accomplish the purposes of 18 U.S.C. § 3553.

These are essentially arguments for a lower sentence under the factors of Section 3553. The court will address this issue after calculating the appropriate guideline range.

*Objection No. 3* - Defendant objects to a 2-level enhancement for "distribution" of child

pornography, arguing that the "mere use of a file-sharing program" does not mean that he distributed pictures. He argues that the default settings on the file-sharing program he used allowed other persons to view the images on his computer without his consent.

The file-sharing program, by its nature, allowed the defendant and others to share images and videos between their computers. The defendant undoubtedly understood this, and the court concludes that his knowing use of such "shared files" is sufficient to justify the enhancement for distribution. The defendant can be said to have knowingly aided in the distribution of the images, even if he did not specifically direct their distribution. The objection is therefore denied.

*Objection No. 4* – Defendant objects to the 2-level enhancement for the use of a computer, arguing that the use of a computer is redundant and is present in every case.

When the guidelines were developed, unlawful images such as this were frequently distributed by mail. This particular enhancement recognizes that the use of a computer is especially harmful because it allows images to be widely distributed and makes it more difficult to eliminate them. The base offense level for the offense does not take this factor into account, and the court concludes that the enhancement is correctly applied.

*Objection No. 5* - Defendant next objects to a 5-level enhancement in the offense level based on the number of images involved in the offense. Pursuant to USSG 2G2.2(b)(7), the PSR included the enhancement because the offense involved over 1,400 images. Defendant does not dispute the number of images, but argues this factor is present in every case of child pornography.

The court finds that the enhancement was correctly applied. The enhancement is likely based on the Commission's determination that offenses involving a greater number of images

constitutes a greater harm, which is clearly a rational conclusion. The objection is denied.

*Objection No. 6* - The defendant's next objection is to application of a 2-level enhancement under USSG 2G2.2(b)(2) for material involving a prepubescent minor or a minor under the age of 12. Defendant's apparent argument is that this enhancement is "already accounted for" within the enhancement under (b)(4) for material that portrays sadistic or masochistic conduct or other depictions of violence.

These two enhancements clearly address distinct types of harm. As the Government points out, images may involve prepubescent children without depicting sadistic acts, or they may depict sadistic acts without involving prepubescent minors. The enhancements address separate harms, and are correctly applied to the defendant's conduct. The court concludes that the PSR has correctly calculated the guideline range of 151-188 months imprisonment, based on a total offense level of 34 and a Criminal History Category of I.

**Restitution**.

The Government seeks an order of restitution for the victim or victims of the offense in the amount of $150,000. Defendant challenges an award of restitution, arguing that his conduct was not the proximate cause of the victim's losses and that the procedure for establishing restitution would violate due process.

The court notes that restitution is mandatory in an offense of this type. *See* 18 U.S.C. § 2259(b)(4). The court will consider the issue of restitution at sentencing after hearing arguments from the parties.

**Section 3553**.

The sentencing court must first calculate the Guideline range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors in section 3553(a), explaining any variance from the Guideline range by referencing the statutory factors. *Nelson v. United States*, 129 S.Ct. 890 (2009).

Section 3553 provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes: the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In addressing these standards, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

In assessing these factors in the instant case, the court believes that a sentence of imprisonment below the advisory guideline range would be sufficient but not greater than necessary to achieve the statutory purposes.

The court notes that the defendant is in the lowest criminal history category, and up until this offense he was a productive member of society. The currently uncontroverted evidence before the court is that a psychologist who has examined the defendant has concluded that he is not a pedophile, that he is not a sexual predator, and that he is not likely to reoffend. The doctor's assessment includes an opinion that the defendant's conduct was apparently related to defendant's own experience of childhood sexual abuse. A second psychologist – the defendant's treating psychologist – is of the opinion that the defendant "poses no risk to others in the community." While this factor is certainly not an excuse for the defendant's criminal behavior, it does weigh somewhat toward a sentence below the advisory range. It also serves to distinguish this case from the typical offender under this statute. This is a serious offense, however, involving a continuing infliction of harm upon the victims of the offense, and a significant sentence of imprisonment is required. The court tentatively concludes that an imprisonment sentence of 75 months will reflect the seriousness of the offense, and is sufficient to deter others from committing such an offense. The defendant may be required to undergo sex offender treatment while incarcerated, and the court notes that he has already begun such treatment. He will be subject to supervision for 5 years after his release from prison (which in effect makes this a total sentence of over 11 years) which will allow the Probation Office to monitor him and to ensure that he does not engage in such conduct again. The court recognizes that the sentence is well below the guideline range, but concludes that the characteristics of the defendant make a lesser sentence appropriate in this instance. The defendant has the capacity to once again be a productive member of society, and this sentence will allow him to resume

working after his release from imprisonment, and to begin making restitution payments to the victims of the offense.

*Conclusion*.

The court enters this order to give notice of its tentative sentence in the above matter. The court will make its final determination at the sentencing hearing of June 20, 2011, at 10:00 a.m. IT IS SO ORDERED this  17th   Day of June, 2011, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge