#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| **Plaintiff,**      ) | |
| ) | **Criminal Action** |
| vs.      ) | |
| ) | **No. 10-10188-01-WEB** |
| KEVIN C. CHAPIN,      ) | |
| ) | |
| **Defendant.**      ) | |
| ) | |

#### UNITED STATES' RESPONSE TO SENTENCING MEMORANDUM

**Restitution**

The defendant and the attorneys for the victim have reached an agreement which resolves the criminal restitution issue in this case. The defendant will pay $1,750.00 to each fund established for "Vicky" and "Misty". That payment will be made at or before the time of sentencing.

**Psychological evidence**

The Government notes that the opinions of the psychologists are rendered without the benefit (or unfortunate experience) of observing the content of the defendant's collection. As with many defendants, certain patterns or preferences for certain types of images appear. However, the psychologists undertook their evaluation of the defendant without undertaking any evaluation of the defendant's collection. The Government suggests that the psychologists' conclusions are rendered less reliable due to their failure to fully evaluate the defendant's history or pattern of conduct.

The defendant's collection does not reflect the defendant's own experience of childhood sexual abuse, i.e., adult males abusing boys. The defendant's collection does, however, reflect the defendant's heterosexual interest in females. Most of the defendant's collection is comprised of girls

exposing their genitals in a provocative manner[1]. Rather than attribute the defendant's viewing of these girls as an extension of his interest in adult women, Dr. Moeller attributes his viewing of that material *exclusively* to the process of working through his childhood sexual abuse.

The Government asserts that the focus of the defendant's collection correlates strongly to his adult sexual interests, such that it is illogical to assume that the defendant did not also have an abiding sexual interest in the children he was viewing. However, that illogical position is precisely the one taken by Dr. Moeller when he says "Mr. Chapins' use of child pornography was an attempt to diminish the adverse effects of his earlier years, not for means of sexual gratification." This is a bold all-or-nothing statement that is rendered without any assessment of or regard for Mr. Chapin's *documented* use of pornography.

It is partly because of this all-or-nothing approach regarding the defendant's usage that Dr. Moeller concludes the defendant is not a pedophile, poses a lesser risk to the community, and is less likely to recidivate. Dr. Moeller accepts whole-hog the defendant's self-report that he was not sexually aroused by the child pornography. With 1492 images and 79 movies on his computer that discriminate and incline towards his acknowledged adult sexual interest, the Government asserts that the evidence (rather than the defendant's mere self-report) indicate quite strongly that the defendant does have a sexual interest in children. Dr. Moeller operates from a fundamentally flawed notion that the defendant has absolutely no sexual interest in children. That opinion colors and shades all of his evaluation, and ultimately undermines its credibility. It also calls into question the value of the defendant's therapy thus far.

---

[1] The Government will make contact sheets of the images or the forensic disk available for the Court's review, if it will assist in the Court's assessment.

If Dr. Moeller (or the defendant) acknowledged that the defendant harbored a sexual interest in children, his stated diagnosis that the defendant is addicted to adult pornography would need to be amended to include the following: "Addiction to child pornography." That would surely affect the Court's view of the defendant. However, by using the all-or-nothing approach, Dr. Moeller compartmentalizes and separates the two. The Government suggests such separation is not supported nor tenable.

Again, with 1492 images and 79 movies on his computer that discriminate and incline towards his acknowledged adult sexual interest, the Government asserts that the evidence (rather than the defendant's mere self-report) indicate quite strongly that the defendant does have a sexual interest in children. More simply put, the defendant liked looking at adult females (to the extent that Dr. Moeller says he was addicted), and the defendant apparently also liked looking at similarly depicted young females (as evinced by his collection). It is also important to note that his interest spanned over an extended course of conduct from at least May 18, 2009 up to the point of law enforcement intervention in March 2010.

While the Government does not controvert the evidence that the defendant has been seen by psychologists and has sought treatment (which is laudable), the Government submits that the Court should place less reliance upon the opinions of these professionals, particular as it relates to the their assessment of his interest in children and threat to the community, due to their failure to recognize that the defendant has a demonstrated interest in the sexual victimization of children. The Government also submits that the value of the therapy received thus far is diminished, in part because the psychologists are approaching the defendant from a perspective of "You don't have a sexual interest in children, no matter what the evidence indicates."

As the Court has indicated its intention to vary from the advisory guideline range for reasons other than the reports of the psychologists, the Government is not going to advocate for a guideline range sentence. However, the Government submits that a reduction down to 75 months, which is roughly a reduction from his guideline range by half, is greater than appropriate for this defendant.

        Respectfully submitted,

        BARRY R. GRISSOM
        United States Attorney

        s/ Jason W. Hart
        Jason W. Hart, #20276
        Assistant U.S. Attorney
        1200 Epic Center, 301 N. Main
        Wichita, Kansas 67202
        Telephone: (316) 269-6481
        Fax: (316) 269-6484
        E-mail: jason.hart2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the above and foregoing response was hand delivered to:

Syovata Edari
Assistant Federal Public Defender
850 Epic Center
301 N. Main
Wichita, KS 67203

        s/Jason W. Hart
        Jason W. Hart, #20276
        Assistant U.S. Attorney